**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| PRO CON, INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:10-cv-185-GZS |
| | ) |
| INTERSTATE FIRE & CASUALTY COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PAPER BRIEFING IN LIEU OF TRIAL**

Plaintiff Pro Con, Inc. (hereinafter, "Pro Con" or "Plaintiff") brought a declaratory judgment action against Defendant Interstate Fire and Casualty Company (hereinafter, "Interstate" or "Defendant"). Following the Court's Order on Cross-Motions for Summary Judgment (Docket # 37, hereinafter "Order on Summary Judgment"), the parties agreed to brief the remaining issues in lieu of a trial. Now before the Court is Plaintiff's Memorandum of Law (Docket # 50) and Defendant's Memorandum for Paper Briefing in Lieu of Trial (Docket # 52). For reasons set forth herein, the Court rules in favor of Plaintiff.

In accordance with Federal Rule of Civil Procedure 52(a) and having reviewed the parties' submissions as well as the entire record, the Court now makes the following findings of fact and conclusions of law:

**I.   FACTS**

The Court's Order on Summary Judgment (Docket # 37) sets forth in detail the facts underlying this dispute. See generally Pro Con, Inc. v. Interstate Fire & Cas. Co., 794 F. Supp. 2d 242 (D. Me. 2011). By way of background, the Court summarizes the salient factual details

here as follows. Pro Con, a New Hampshire construction company, was hired by Bowdoin College in Brunswick, Maine as the general contractor for a hockey rink construction project. (Order on Summary Judgment at 3.) Pro Con subcontracted with a Canadian company, Canatal Industries ("Canatal"), to perform the structural steel work for the project. (Id.) Under the agreement between Pro Con and Canatal, Pro Con obligated Canatal to procure commercial general liability insurance naming Pro Con as an additional insured on the policy. (Id. at 3-4.) Canatal, in turn, subcontracted with CCS Constructors, LLC ("CCS") for the structural steel erection work for the project. Pursuant to the subcontract between Canatal and CCS, CCS was obligated to secure general liability insurance coverage naming Pro Con as an additional insured. (Id. at 4.) CCS acquired the requisite commercial general liability insurance policy through Defendant Interstate, who issued a policy to CCS on October 1, 2007 (hereinafter, the "Interstate policy"). (Id. at 5.)

On December 5, 2007, Stephen Williams, a CCS employee, was injured on the jobsite when he slipped and fell on plastic insulating blankets installed by Pro Con around the perimeter of a building to prevent frost issues. (Id. at 8.) Mr. Williams filed suit against Pro Con in state court in June 2009 alleging premises liability and negligence. (Id.) Pro Con then filed a third-party action against Canatal and a fourth-party action against CCS, both seeking indemnification. (Id. at 9.) On May 17, 2010, Pro Con brought this declaratory judgment action against Interstate seeking, in Count I, a declaratory judgment that Interstate has a duty to defend Pro Con with respect to Mr. Williams' claims and must reimburse Pro Con's attorneys' fees in prosecuting this declaratory judgment action and, in Count II, attorneys' fees and costs both for its defense of Mr. Williams' claims and for its prosecution of this action. (Id. at 10.) Following briefing by the parties, the Court issued its Order on Summary Judgment, which ruled that Interstate has a duty

to defend Pro Con with respect to Mr. Williams' claims and thereby granted Pro Con summary judgment on Count I.  (Id. at 23-24.)  The Order, however, left open the question of Interstate's obligation to reimburse Pro Con for attorneys' fees and costs in the underlying Williams action and in the instant declaratory judgment action (Count II).

On September 30, 2011, the parties stipulated to dismissal with prejudice and without costs of Plaintiff's claims for attorneys' fees and costs incurred in the defense of Mr. Williams' case.  (Stipulation of Dismissal of Count II of Plaintiff's Complaint (Docket # 51).)  The parties further stipulated that their stipulation as to Plaintiff's Complaint shall not prejudice any party in the case of Canatal Industries Inc., et al. v. Interstate Fire and Casualty Company, No. 2:11-cv-288 (D. Me. filed June 3, 2011).  (Id.)  Plaintiff reserved its claim for attorneys' fees and costs incurred in the prosecution of this declaratory judgment action.  (Id.)

## II. DISCUSSION

Pro Con contends that there is just one issue remaining for adjudication – whether Interstate's duty to defend Pro Con in the underlying Williams' case was clear as a matter of law such that Interstate is obligated to reimburse Pro Con for attorneys' fees and costs incurred in the prosecution of this declaratory judgment action.  Interstate counters that the issue now before the Court instead is the priority of coverage available to Pro Con for defending against the Williams' lawsuit and, therefore, asks the Court to determine the priority of coverage among several insurance policies applicable to Pro Con.  Under this priority of coverage analysis, Interstate argues that its policy, which names Pro Con as an additional insured, is excess to Pro Con's other policies.  Accordingly, Interstate asks that the Court (1) dismiss any remaining claims in Count II and rule that Interstate is not required to reimburse Pro Con for attorneys' fees and (2) reconsider

3

its Order on Summary Judgment as to Count I and rule that Interstate had no duty to defend Pro Con in the underlying lawsuit.

### A. Priority of Coverage

Interstate urges the Court first to determine the priority of coverage available to Pro Con for defending against the Williams' lawsuit and, second, to examine the question of whether Interstate must reimburse Pro Con's attorneys' fees and costs in this declaratory judgment action. Essentially, Interstate is asking that the Court determine the duty to indemnify first and the duty to defend second. This sequence is incorrect. See Vermont Mutual Ins. Co. v. Maguire, No. 10-1542, 2011 WL 5120686, at *7 n.5 (1st Cir. Oct. 31, 2011) ("Determining the existence of a duty to defend … would seem logically to precede the determinations of what actually happened and the implications of what transpired for the duty to indemnify.") (citing Millipore Corp. v. Travelers Indem. Co., 115 F.3d 21, 35 (1st Cir. 1997) ("[t]he duty to defend is antecedent to, and independent of, the duty to indemnify.") and Teachers Ins. Co. v. Schofield, 284 F. Supp. 2d 161, 164 (D. Me. 2003) ("To secure the … determination of an action involving a duty to defend and a duty to indemnify … courts proceed in the following order: the determination of a duty to defend, then the determination of liability in the underlying action, and finally the determination of the duty to indemnify.")).[1]

In light of the Parties' September 30, 2011 Stipulation of Dismissal (Docket # 51), the Court need not reach the priority of coverage question nor analyze the allegedly overlapping

---

[1] To the extent Defendant relies on Wright-Ryan Constr., Inc. v. AIG Ins. Co of Canada, 647 F.3d 411 (1st Cir. 2011), to support its argument that the Court should examine priority of coverage before determining the duty to defend and the question of attorneys' fees in the declaratory judgment action, such reliance is misplaced. See id. at 413 ("The sole and determinative question is whether the district court correctly held Wright–Ryan's Acadia CGL policy to be primary and the AIG policy excess.").

4

insurance policy coverage available to Pro Con for the underlying Williams' suit.[2] Interstate even concedes that determining priority of coverage is only relevant to the issue of whether Interstate must reimburse Pro Con for its defense of the underlying Williams' lawsuit.[3] In accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties have stipulated to dismissal with prejudice of Pro Con's claims against Interstate for reimbursement of its attorneys' fees and costs in the Williams' action. Therefore, the issue of whether Interstate's insurance policy is required to contribute to Pro Con's defense for the underlying lawsuit is moot, and the Court need not rule on it. The remaining issue in the instant case is antecedent to the priority of coverage question – the issue here is simply whether Defendant, who has a duty to defend Plaintiff pursuant to the Court's Order on Summary Judgment, is obligated to reimburse Plaintiff for attorneys' fees and costs incurred in the prosecution of its declaratory judgment action. The Court resolves that issue below.

### B. Duty to Defend

Under Maine law, the duty to defend is determined by a comparison test – the complaint in the underlying lawsuit is compared with the insurance policy to determine whether any legal or factual basis exists that could be developed at trial that would obligate the insurer to pay under

---

[2] Because the Court need not address the question of indemnification or priority of coverage for the underlying Williams' suit, the cases cited by Defendant to support its priority of coverage and indemnification analyses are inapposite. See Wright-Ryan Constr., Inc. v. AIG Ins. Co of Canada, 647 F.3d 411 (1st Cir. 2011); Home Ins. Co. v. St. Paul Fire & Marine Ins. Co., 229 F.3d 56, 63 (1st Cir. 2010); Philadelphia Indem. Ins. Co. v. Emp'rs. Ins. Co., 703 F. Supp. 2d 41, 50 (D. Me. 2010); Progressive Casualty Ins. Co. v. Travelers Ins. Co., 735 F. Supp. 15 (D. Me. 1990); Royal Globe Ins. Co. v. Hartford Acc. And Indemnity Co., 485 A.2d 242, 243-44 (Me. 1985); Carriers Ins. Co. v. Am. Policyholders' Ins. Co., 4040 A.2d 216, 218-20 (Me. 1979).

[3] In its Reply Brief, Defendant conflates reimbursement of Pro Con's attorneys' fees and costs in the Williams' case with the recovery of Pro Con's attorneys' fees and costs in the prosecution of this declaratory judgment action. (See Defendant's Reply Brief (Docket # 55) at 3.) While Defendant may be correct that determining whether Pro Con is entitled to attorneys' fees for its defense in the Williams' case comes after the Court's determination of the priority of coverage, whether Plaintiff is entitled to attorneys' fees for the instant declaratory judgment action depends on Defendant's duty to defend Plaintiff – not on the priority of coverage among various insurance policies. Accordingly, Defendant's reliance on Providence Journal Co. v. Travelers Indem. Co., 938 F. Supp. 1066, 1080 (D.R.I. 1996) is misplaced.

the policy. See, e.g., Auto Europe, LLC v. Connecticut Indemnity Co., 321 F.3d 60, 66 (1st Cir. 2003) (internal quotations and citation omitted); York Ins. Group of Maine v. Lambert, 740 A.2d 984, 985 (Me. 1999) ("[W]e determine a duty to defend by comparing the allegations in the underlying complaint with the provisions of the insurance policy…. A duty to defend exists if a complaint reveals a potential … that the facts ultimately proved may come within the coverage.") (internal citations and quotations omitted). "If the complaint shows even a possibility that the events giving rise to it are within the policy coverage, the insurer must defend the suit," and "[a]ny ambiguity must be resolved in favor of a duty to defend." Auto Europe, 321 F.3d at 66 (internal quotation omitted). In its Order on Summary Judgment, the Court compared the Williams' complaint with the insurance policy and determined that Mr. Williams' allegations were sufficient to trigger Interstate's duty to defend Pro Con with respect to Mr. Williams' lawsuit. See Order on Summary Judgment at 16-24.

Interstate asks the Court to reconsider its ruling in the Order on Summary Judgment regarding Interstate's duty to defend Pro Con in the underlying state litigation. A district court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration. See Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81 (1st Cir. 2008). The Court may grant a motion for reconsideration "where the movant shows a manifest error of law or newly discovered evidence." Id. at 81–82. Likewise, a motion for reconsideration should be granted if the Court has "patently misunderstood" a party, or if the court made an error "not of reasoning but of apprehension." Id. at 82. In the instant case, Interstate has not shown a manifest error of law, presented newly discovered evidence, presented convincing evidence that the Court has "patently misunderstood" it, or presented evidence that the Court made an "error of apprehension." Accordingly, the Court DENIES Interstates' request to reconsider the Court's Order on

Summary Judgment as to Count I of Pro Con's Complaint, which ruled that Interstate has a duty to defend Pro Con in the underlying action.

### C. Attorneys' Fees

Having awarded judgment in favor of Plaintiff on Count I, the only question left to resolve is whether Pro Con is entitled to attorneys' fees and costs in this declaratory judgment action. See Maine Mut. Fire Ins. Co. v. Gervais, 745 A.2d 360, 362 (Me. 1999) ("Having previously decided that [insurer] had a duty to defend [insured], the only question to resolve … is whether that duty to defend was clear at the time [insurer] filed its action for a declaratory judgment … to warrant an award of attorney fees to [insured]."). Maine law authorizes an award of attorney's fees in a declaratory judgment action against an insurer when the insurer's "duty to defend is clear from the [insurance] policy and the pleadings."[4] Auto Europe, 321 F.3d at 68 (quoting Gervais, 745 A.2d at 362).

"To determine whether a duty to defend is 'clear' for the purposes of awarding attorney fees, a court must evaluate state law regarding an insurer's duty to defend as it existed at the time the insurer initiated the declaratory judgment action." Id. (citing Gervais, 745 A.2d at 362). "Under Maine law, 'an award of attorney fees to the insured is appropriate when it is clear from a comparison of the insurance policy and the complaint that the insurance company is potentially liable to indemnify the insured.'" Barrett Paving Materials, Inc. v. Continental Ins. Co., 488

---

[4] Under Maine statute, a natural person who prevails in a declaratory judgment action against his or her insurance company is entitled to attorneys' fees. See 24-A M.R.S.A. § 2436-B(1). Defendant argues that this statutory provision preempts Maine common law, which permits the recovery of attorneys' fees for corporate entities that successfully bring a declaratory judgment against their insurer. Defendant's analysis is incorrect. The longstanding rule under Maine common law has not been preempted. See, e.g., Barrett Paving Materials, Inc. v. Continental Ins. Co., 488 F.3d 59, 65 (1st Cir. 2007) (quoting Gervais, 745 A.2d at 363). Defendant further argues, without citing any relevant case law, that a party such as Plaintiff can only recover attorneys' fees where it incurs a financial burden in litigating to obtain the benefit of an insurance contract when the question of coverage is clear. The relevant case law, discussed in this Order, does not establish the rule claimed by Defendant. Nonetheless, Plaintiff in fact has incurred a financial burden in litigating Defendant's duty to defend Plaintiff, namely, the cost of attorneys' fees in the instant declaratory judgment action.

F.3d 59, 65 (1st Cir. 2007) (quoting Gervais, 745 A.2d at 363); see also Auto Europe, 321 F.3d at 69 (holding that "the potential for coverage existed at the time [insurer] refused to defend [insured]. The duty to defend was therefore 'clear' and, accordingly, the district court properly awarded attorney's fees"). On the other hand, an award of attorneys' fees "is not appropriate if the law is unsettled with respect to the duty to defend a particular action or if the possibility that the insurance policy requires coverage is not something that is obvious on the face of the complaint." Barrett, 488 F.3d at 65 (citing Gervais, 745 A.2d at 363).

In support of its argument that the duty to defend was not clear, Defendant urges the Court to consider Union Mutual Fire Ins. Co. v. Town of Topsham, 441 A.2d 1012 (Me. 1982). In Union Mutual, the Court ruled that although the Town of Topsham's insurer, Union Mutual, had a duty to defend Topsham in an underlying lawsuit, Union Mutual was not liable for Topsham's attorneys' fees in the declaratory judgment action because the duty to defend was not clear when the declaratory judgment action was filed. See id. at 1019. The underlying complaint alleged that the town permitted the existence of a dangerous and defective public road and failed to keep the road in a safe condition, which resulted in the wrongful death of the claimant's husband. Id. at 1013-14. The town's general liability policy covered claims for bodily injury arising out of construction, street cleaning and repair operations, but excluded such claims "arising out of … the ownership, maintenance, supervision, use or control of streets." Id. at 1014-15.

After comparing the complaint and the insurance policy, the Law Court ruled that Union Mutual had a duty to defend Topsham because "a possibility [existed] that the liability claim [fell] within the insurance coverage." Id. at 1014-15. The Law Court, however, denied Topsham's request for attorneys' fees in defending the declaratory judgment action because the

8

insurer's duty to defend was not clear when the declaratory judgment action was filed. Id. at 1019. The Court first found the duty to defend unclear because "at the time the insurer brought the action, it had little guidance from Maine law about the nature and scope of its responsibility to defend the town." Id. Second, and more important, the allegations of the underlying complaint "left it somewhat unclear" whether the theory of the underlying suit brought the claim within the policy's coverage. Id. The possibility that the underlying complaint embraced a claim of negligence in the performance of street cleaning and repair operations was not obvious on the face of the complaint. Id.

Pro Con, on the other hand, urges the Court to consider two First Circuit decisions analyzing Maine law, Auto Europe, LLC v. Connecticut Indem. Co., 321 F.3d 60 (1st Cir. 2003), and Barrett Paving Materials, Inc. v. Continental Ins. Co., 488 F.3d 59 (1st Cir. 2007), both of which awarded attorney's fees to insureds prosecuting declaratory judgment actions against insurers. In Auto Europe, the plaintiff sought reimbursement of attorney's fees from its insurer in defending against a lawsuit alleging that Auto Europe had deceptively and illegally concealed "add-on" charges for its foreign car rentals. 321 F.3d at 63. The First Circuit compared the underlying complaint with Auto Europe's insurance policy, which covered Auto Europe's defense of lawsuits arising out of "any negligent act, error or omission of [Auto Europe]" but excluded coverage for any acts, errors, or omissions that were "wilfully [sic] discharged, fraudulent or malicious, or in willful [sic] violation of [the law]." Id. The First Circuit upheld the insurer's duty to defend based on the possibility that facts developed at trial would establish that Auto Europe unintentionally violated Maine's unfair trade practices law, which violation did not require intent to deceive. The court also awarded Auto Europe its attorneys' fees in bringing

9

the declaratory judgment action because a potential for coverage existed at the time the insurer refused to defend the insured and, therefore, the duty to defend was "clear." Id. at 69.

Similarly, in Barrett Paving, the First Circuit upheld this Court's award of attorneys' fees based on a comparison of the underlying complaint, which alleged that Barrett had discharged pollutants that found their way into the Penobscot River via sewers and tidal action, and the insurance policy at issue, which excluded from coverage pollution-related liabilities except for sudden and accidental discharges. 488 F.3d at 63. Because the complaint did not specify how the pollutants may have been released and because the underlying allegations were "not entirely inconsistent with sudden and accidental discharge," the First Circuit ruled that the underlying claims against Barrett were potentially covered by its insurance policy. Id. at 64-65. Therefore, the First Circuit upheld the award of attorney's fees incurred by Barrett in prosecuting the declaratory judgment action. Id. at 65.

Here, the insurance policy issued by Interstate provides, "An Insured is amended to include as an additional insured the … organization(s) shown in the Schedule [including Pro Con], but only with respect to liability for 'bodily injury' … caused, in whole or in part, by … Your [i.e., CCS's] acts or omissions…." See Order on Summary Judgment at 17. Meanwhile, the underlying Williams' complaint alleged that: Pro Con was the general contractor at the Bowdoin College jobsite; Williams was performing work within the scope and course of his employment with CCS when he was injured on the Bowdoin College jobsite; Williams was injured when in the course of his work "he slipped and fell due to tarps covered with snow and the dangerous conditions at the Bowdoin College jobsite;" and Williams slipped because Pro Con "failed to adequately guard against … dangerous conditions" and was "negligent in

10

maintaining the premises in a safe and reasonable condition." See id. at 18, 23 (internal citation omitted).

Citing Union Mutual, Interstate argues that the duty to defend was not clear because the possibility that the Williams' complaint embraced a claim covered by the Interstate policy was not obvious on the face of the complaint. Specifically, Interstate argues that the duty to defend was unclear because the Williams' complaint alleged that his injuries were caused solely by Pro Con.[5] The Court, however, has already ruled that a possibility clearly existed that the Williams' complaint embraced a claim covered by the Interstate policy. See Order on Summary Judgment at 18-23. The Williams' complaint establishes that Williams was performing work within the scope of his employment for CCS when he was injured at the Bowdoin College jobsite. See id. at 18. Thus, it is clear that Pro Con's potential liability "arises out of the operations of CCS that were performed for Pro Con." See id. (internal citation omitted). Additionally, the "in whole or in part" language of the Interstate policy specifically intended coverage for additional insureds such as Pro Con to include "occurrences attributable in part to acts or omissions by both the named insured *and* the additional insured." See id. at 22 (emphasis in original). Because Williams' claims clearly establish that his injuries arose out of CCS's operations for Pro Con, there is the potential that Williams' bodily injuries were caused, at least in part, by the acts or omissions of CCS in the performance of its operations for Pro Con. See id. at 23. Accordingly, at the time Interstate refused to defend Pro Con against Williams' bodily injury claims, a potential for coverage existed and, therefore, the duty to defend was clear. See id.

---

[5] Interstate also argues that the possibility that Williams' claims would fall within Interstate's policy was not obvious on the face of the complaint because even if Williams or CCS was partially at fault, Pro Con would not be liable for its subcontractor's acts or omissions as a matter of law. See Mudgett v. Marshall, 574 A.2d 867, 870 (Me. 1990). This analysis does not support Defendant's argument and only muddies the waters. Rather, under the Interstate policy the relevant question is: whether there was a potential that under the Williams' complaint CCS might be liable in part for Williams' claims and, therefore, that Interstate would be required to indemnify Pro Con. The fact that Pro Con might not be liable for CCS's acts or omissions is irrelevant.

Citing <u>Merchants Ins. Co. of New Hampshire v. U.S. Fid. & Guar. Co.</u>, 143 F.3d 5 (1st Cir. 1998), and <u>MacArthur v. O'Connor Corp.</u>, 635 F. Supp. 2d 112 (D.R.I. 2009), Interstate next argues that its duty to defend was unclear at the time Pro Con brought this action – May 17, 2010 – because Maine law was unsettled as to whether the Interstate policy covered more than just Pro Con's vicarious liability for CCS's negligence. As the Court has already discussed, however, at the time Pro Con brought this action the law clearly provided that specific policy language could provide coverage to an additional insured for liability attributable to the additional insured's own negligence and not just coverage for the additional insured's vicarious liability for the named insured's negligence. <u>See</u> Order on Summary Judgment at 19-22 (discussing <u>Merchants Ins. Co.</u>, <u>MacArthur</u>, and <u>Wright-Ryan Constr., Inc. v. AIG Comm. Ins. Co. of Canada</u>, No. 08-414-P-H, 2009 WL 4508443 (D. Me. Nov. 27, 2009)).

Indeed, both <u>Merchants Ins. Co.</u> and <u>Wright-Ryan</u> held that the specific language of the insurance policies at issue provided coverage to the respective additional insureds for liability in underlying lawsuits arising from the additional insureds' own negligence. <u>See</u> 143 F.3d at 10; 2009 WL 4508443 at *5. In <u>Merchants Ins. Co.</u>, the relevant policy language stated that the additional insured endorsement provided the additional insured general contractor with coverage "but only with respect to liability arising out of [the named insured's] work for that added insured by or for [the named insured]." <u>See</u> 143 F.3d at 7. The First Circuit reasoned that if the insurance company had really intended to limit coverage to situations where the additional insured was to be held vicariously liable for the negligence of the principal insured, it would have done so by including specific language in the policy. <u>See id.</u> at 10. Likewise, in <u>Wright-Ryan</u>, the additional insured general contractor was added to the named insured subcontractor's policy "only in respect of liability arising out of the Named Insured's premises or operations."

12

See 2009 WL 4508443 at *4. Accordingly, the Court held that such policy language covered the additional insured's negligence because it arose out of the named insured's operations. Id. at *5. Meanwhile, this Court has previously distinguished MacArthur because the policy language in MacArthur specifically provided coverage for the additional insured "only to the extent that [the additional insured] is liable for [the named insured's] acts or omissions." See Order on Summary Judgment at 20 (citing MacArthur, 635 F. Supp. 2d at 115). In the Interstate policy at issue here, there are no express terms explicitly excluding coverage for additional insureds in circumstances where the additional insured is solely negligent. See id. at 21. In fact, as the Court has already ruled, by including the language "in whole or in part," the Interstate policy specifically intended to extend coverage to Pro Con for occurrences attributable in part to acts or omissions by both CCS and Pro Con. See id. at 22.

In summary, at the time Pro Con filed the instant declaratory judgment action Maine law was clear about the nature and scope of Interstate's duty to defend Pro Con against Williams' claims.[6] See, e.g., Barrett, 488 F.3d at 65; Auto Europe, 321 F.3d at 68-69; Gervais, 745 A.2d at 362-63; Gibson v. Farm Family Mutual Ins. Co., 673 A.2d 1350, 1352 (Me. 1996). Moreover, a comparison of the Williams' complaint and Interstate's policy shows that Williams' claims against Pro Con are potentially covered by Interstate's policy. Accordingly, the Court concludes that Pro Con may recover attorneys' fees and costs incurred in prosecuting this case and is entitled to judgment on Count I to the extent that it seeks such relief.[7]

---

[6] In contrast, Union Mutual stated that the law concerning the nature and scope of the insurer's duty to defend was not clear because at the time Union Mutual filed its declaratory judgment action against the Town of Topsham, the case setting forth the parameters of an insurer's duty to defend, American Policyholders' Ins. Co. v. Cumberland Cold Storage Co., 373 A.2d 247 (Me. 1977), had not been decided. See Union Mutual, 441 A.2d at 1019.

[7] Pursuant to the Stipulation of Dismissal (Docket # 51) entered by the Parties on September 30, 2011, the Court treats Count II as having been dismissed in its entirety. Accordingly, the Court's ruling as to attorneys' fees and costs in the instant declaratory judgment action pertains only to Count I of Plaintiff's Complaint.

### III.     CONCLUSION

The Court hereby ORDERS that judgment shall enter on behalf of Plaintiff as to Count I of Plaintiff's Complaint, namely, that Interstate had a duty to defend Pro Con with respect to the claims asserted by Stephen Williams. Additionally, the Court hereby ORDERS that judgment shall enter in favor of Plaintiff on the remaining portion of Count I, thereby requiring Defendant to reimburse Plaintiff for attorneys' fees and costs incurred in the prosecution of this declaratory judgment action.

Anticipating a ruling that entitles Plaintiff to attorneys' fees and costs on the remaining portion of Count I, Plaintiff's Reply Brief requests leave to file an affidavit in support of Plaintiff's claim for attorneys' fees and costs incurred in the prosecution of this declaratory judgment action. In the absence of any stipulations regarding the amount of attorney's fees and costs recoverable, Plaintiff shall file a motion for attorney's fees in accordance with Federal Rule of Civil Procedure 54(d)(2) and District of Maine Local Rule 54.2.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 12th day of December, 2011.